UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

Joseph Adams
        Plaintiff,

                                                CIVIL ACTION No. 3:14-cv-00778 (JAM)

v.

The City of New Haven, Chief of Police
Dean M. Esserman, Various unnamed
New Haven Police Officers, Supervisors of
Various Unnamed New Haven Police Officers

                                                November 14, 2014

        Defendants

_____

## AMENDED COMPLAINT AND JURY DEMAND

Plaintiff Joseph Adams by his undersigned counsel, for his Complaint, hereby alleges, on knowledge as to his own conduct and otherwise on information and belief, as follows:

## THE PARTIES

1. Plaintiff Joseph Adams is a natural person residing in New Haven, Connecticut and is a United States citizen. The Plaintiff is African-American of race and black of color.

2. Defendant City of New Haven ("City") is a municipal corporation formed under the laws of the State of Connecticut.

3. Defendant Chief of Police Dean M. Esserman ("Chief of Police" or "Esserman") is the current Chief of the Department of Police Services for the City of New Haven and held that office at all times relevant hereto. As Chief of Police, Defendant Esserman is the

highest ranking officer of the New Haven Police Department and as such promulgates final policy and is responsible for the administration of the department, including the training of all uniformed and civilian personnel. The Chief of Police is being sued in his official capacity.

4. Defendants various unnamed New Haven Police Officers ("officers") are natural persons and sworn officers of the New Haven Police Department. Specifically, these Defendants are those officers that executed an arrest warrant at 374-A Peck Street and 374-B Peck Street, New Haven, Connecticut on or about October 21, 2013. The identities of the Defendant officers are unknown to the Plaintiff at this time.

5. Defendants Supervisors ("supervisors") of the various unnamed New Haven Police Officers are natural persons including those sworn officers of the New Haven Police Department who were the direct supervisors of Defendants various unnamed New Haven Police Officers. Defendant Supervisors were responsible for enforcement of municipal policy and custom, including decisions regarding hiring, firing, and training of the Defendants various unnamed New Haven Police Officers. The identities of the Defendant Supervisors are unknown to the Plaintiff at this time.

## JURISDICTION AND VENUE

6. This court has jurisdiction pursuant to 28 U.S.C. § 1331 because this case is one that arises under federal law, specifically 42 U.S.C. §§ 1981, 1983 as well as the United States Constitution, specifically the Fourth and Fourteenth Amendments.

7. This court may exercise supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. §1367 because the pendent state law claims arise from the same nucleus of operative fact as the federal claims.

8. Venue is proper because all of the events, actions, or omissions giving rise to the claims occurred in this District.

## THE NEW HAVEN POLICE DEPARTMENT'S ("NHPD") MIDNIGHT RAID ON THE PLAINTIFF'S HOME

9. On or about October 21, 2013 the Plaintiff was enjoying a quiet evening at his home, 374-A Peck Street, New Haven, CT.

10. At approximately 11:59PM the Plaintiff heard a loud noise coming from outside his second floor apartment. Plaintiff opened his door and looked over the balcony, at which time he saw two gun barrels.

11. Upon seeing the two gun barrels, the Plaintiff thought he was about to be the victim of a violent robbery and fled to the inside of his apartment towards the bedroom.

12. Plaintiff then heard a voice shout "New Haven Police, come the fuck down!" Plaintiff then exited his apartment and began to slowly descend the stairs with his back to the officers and his hands on the back of his head. The Plaintiff had his back to the officers at all times.

13. Before Plaintiff reached the bottom of the stairs, three heretofore unnamed New Haven Police Officers grabbed the Plaintiff and threw him to the ground in a most violent and hostile manner. This caused the Plaintiff to experience an excruciating pain in the right side of his neck.

14. While Plaintiff was face-down on the ground, a heretofore unknown New Haven Police Officer placed his knee on the Plaintiff's back and proceeded to zip-tie the Plaintiffs hands tightly behind his back.

15. While Plaintiff lay prone with his hands tied behind his back he lifted his head and noticed that his sofa and carpet were burning as a result of unknown New Haven Police Officers throwing a flash grenade into his home.

16. At this time the Plaintiff heard another extremely loud noise, which was the result of another flash bomb being thrown into his home by the invading officers.

17. Plaintiff then heard numerous persons run up the stairs and kicking in all of the doors in his home.

18. Plaintiff was then interrogated at gun point by members of the New Haven Police Department. The officers continuously asked the Plaintiff "Where the fuck is he?"

19. Plaintiff responded to the officers by telling them that there was nobody else in his apartment and that he had not let anyone in. When asked who lived in the apartment the Plaintiff informed the officers that it was himself, his sister, and her daughter.

20. Plaintiff then witnessed the men throwing his furniture around as they searched the apartment. At this time, Plaintiff noticed water leaking through his ceiling from a pipe that had been burst by one of the flash grenades thrown by the Officers.

21. The Officers again asked the Plaintiff "where is he?" Plaintiff continued to inform the officers that he did not know who they were talking about and that nobody else was there with him. Plaintiff then mentioned to the officers that they should look in the apartment next door because Plaintiff was aware that his neighbor had previously been convicted of criminal offenses.

22. Two officers then walked over to another officer and asked him if he was sure they were in the right house. The officer responded in the affirmative. At this time approximately

three (3) officers went outside to rummage through the Plaintiff's trash. Three other officers stayed with the Plaintiff and kept him restrained with his hands behind his back.

23. Plaintiff then heard someone from outside using a megaphone declare, "Attention residents of 374 Peck Street, please exit your homes."

24. Plaintiff then saw his neighbors coming out of their homes, and heard one of his neighbors tell officers outside that they were probably looking for her son.

25. Plaintiff remained detained by the officers for another thirty (30) minutes with the painful zip ties on his wrists and his hands behind his back.

26. A Detective Vazquez then came into the apartment and announced that he was in charge of the investigation and that the officers should remove the straps from the Plaintiff's wrists.

27. The officers then used bolt cutters, pliers, and a butterfly knife in an attempt to remove the restraints that had been placed on the Plaintiff. This removal process was extremely painful for the Plaintiff, as the efforts of the officers made the zip ties even tighter and injured the Plaintiff's wrists. After much effort, the officers were finally able to remove the restraints.

28. The total amount of time that the Plaintiff was detained was approximately two and one half hours.

29. The Plaintiff then saw and heard an officer mocking the Plaintiff for being a gay man.

## FIRST CLAIM FOR RELIEF

## FALSE ARREST

### (AS TO VARIOUS UNNAMED NEW HAVEN POLICE OFFICERS)

30. Plaintiff realleges Paragraphs 1-29.

31. Defendants Various Unnamed Officers did not have probable cause to arrest and/or seize the Plaintiff, and the arrest/seizure was objectively unreasonable given the circumstances recited above.

32. At all times relevant hereto, Defendants various unnamed officers were engaged in their sworn duties as New Haven Police Officers and were acting under color of state law.

33. The aforementioned conduct of the various unnamed officers caused the violation of Plaintiff's Fourth Amendment rights, as incorporated by the Fourteenth Amendment, because they apprehended the plaintiff, took him into custody, and restricted his freedom of movement for an extended period of time without a valid warrant or probable cause.

34. As a result of the conduct of the Defendant officers described above, the plaintiff has suffered actual damages including property damage, physical injuries, and emotional injuries.

## SECOND CLAIM FOR RELIEF

## UNREASONABLE USE OF FORCE

### (AS TO VARIOUS UNNAMED NEW HAVEN POLICE OFFICERS).

35. Plaintiff realleges Paragraphs 1-29.

36. At all times relevant hereto, Defendants various unnamed officers were engaged in their sworn duties as New Haven Police Officers and were acting under color of state law.

37. As a result of the conduct of various unnamed officers, Plaintiff's freedom of movement was terminated by means intentionally applied by the officers.

38. Once the Defendant officers identified themselves as law enforcement officers the Plaintiff did attempt to flee and never posed a threat to the officers' health or safety.

39. The force used by the officers against the Plaintiff was objectively unreasonable given the aforementioned circumstances.

40. As a result of the Defendant officers unlawful conduct the Plaintiff has suffered actual damages

41. The force used by the Defendant officers demonstrated a deliberate and callous indifference to the Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments.

THIRD CLAIM FOR RELIEF

DISCRIMINATION BASED ON RACE

(AS TO VARIOUS UNNAMED NEW HAVEN POLICE OFFICERS)

42. Plaintiff realleges Paragraphs 1-41.

43. At all relevant times hereto, Plaintiff had the clearly established constitutional right to equal protection of the law and to be free from discrimination based upon race at the hands of law enforcement and other state actors.

44. At all times relevant hereto, the Defendant officers were engaged in their sworn duties as New Haven Police Officers and were acting under color of state law.

45. Plaintiff's race and color were motivating factors in the Defendant officers' decisions to use excessive force and to wrongfully detain the Plaintiff.

46. The conduct of the Defendant officers deprived the plaintiff of the equal protection of the law, the privileges and immunities enjoyed by citizens of the United States, and due process under the Fourteenth Amendment and 42 U.S.C. §1981.

47. The aforementioned conduct of the Defendant officers was willful, malicious, and in reckless disregard of the Plaintiff's clearly established federal and constitutional rights.

48. The conduct of the Defendant officers described above has caused the plaintiff to suffer actual damages including property damage, physical injuries, and emotional injuries.

FOURTH CLAIM FOR RELIEF

DISCRIMINATION BASED ON SEXUAL ORIENTATION

(AS TO VARIOUS UNNAMED NEW HAVEN POLICE OFFICERS.)

49. Plaintiff realleges paragraphs 1-41.

50. At all relevant times hereto, Plaintiff had the clearly established constitutional right to equal protection of the law and to be free from discrimination based upon sexual orientation at the hands of law enforcement and other state actors.

51. At all times relevant hereto, Defendants various unnamed officers were engaged in their sworn duties as New Haven Police Officers and were acting under color of state law.

52. The aforementioned conduct of the Defendant officers was willful, malicious, and in reckless disregard of the Plaintiff's clearly established federal and constitutional rights.

53. The conduct of the Defendant officers deprived the plaintiff of the equal protection of the law, the privileges and immunities enjoyed by citizens of the United States, and due process under the Fourteenth Amendment and 42 U.S.C. §1981.

54. Plaintiff's sexual orientation was a primary factor in the Defendant officers' decisions to use excessive force and to wrongfully detain the Plaintiff.

55. The conduct of the Defendant officers described above has caused the plaintiff to suffer actual damages including property damage, physical injuries, and emotional injuries.

FIFTH CLAIM FOR RELIEF

NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

(AS TO VARIOUS UNNAMED NEW HAVEN POLICE OFFICERS, THE CITY OF NEW HAVEN, AND THE CHIEF OF POLICE)

56. Plaintiff realleges paragraphs 1-29.

57. At all times relevant hereto, Defendants various unnamed officers were engaged in their sworn duties as New Haven Police Officers and were acting under color of state law.

58. The aforementioned conduct of the Defendant officers was negligent in that it resulted in the unlawful seizure of the Plaintiffs person for an extended period of time.

59. Defendant officers' failure to properly ascertain which residence they were authorized to enter and which person they were supposed to arrest constitutes negligent, extreme, and outrageous conduct.

60. The Defendant officers' negligent, extreme, and outrageous conduct is the proximate cause of severe emotional distress suffered by the Plaintiff.

61. The Defendant officer's mocking, harassing, and discriminatory behavior towards the Plaintiff was the actual and proximate cause of severe emotional distress suffered by the Plaintiff.

62. The Defendants City of New Haven and Chief of Police were negligent in that they were responsible for the proper training and supervision of the Defendant officers, and that they failed to adequately train and instruct the Defendant officers regarding the Plaintiff's constitutional rights.

63. The conduct described in paragraph 59 is extreme, outrageous, and in reckless disregard of the Plaintiff's constitutional and federally protected rights. This conduct by the Defendants City of New Haven and Chief of Police is the actual and proximate cause of severe emotional distress suffered by the Plaintiff.

SIXTH CLAIM FOR RELIEF

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(AS TO VARIOUS UNNAMED NEW HAVEN POLICE OFFICERS)

64. Plaintiff realleges paragraphs 1-29.

65. The aforementioned conduct of the Defendant officers was intentional and reckless in that it resulted in the prolonged and unlawful seizure of the Plaintiff's person for an extended period of time.

66. Defendant officers' failure to properly ascertain which residence they were authorized to enter and which person they were supposed to arrest constitutes intentional, extreme, and outrageous conduct.

67. The Defendant officers' intentional, extreme, and outrageous conduct is the proximate cause of severe emotional distress suffered by the Plaintiff.

68. The Defendant officer's mocking, harassing, and discriminatory behavior towards the Plaintiff was intentional, and was the actual and proximate cause of severe emotional distress suffered by the Plaintiff.

## SEVENTH CLAIM FOR RELIEF

## ASSAULT AND BATTERY

(AS TO VARIOUS UNNAMED NEW HAVEN POLICE OFFICERS)

69. Plaintiff realleges paragraphs 1-29.

70. Defendant officers assaulted the Plaintiff when they intentionally and knowingly injured and detained him. This conduct caused the Plaintiff to fear for his safety and experience immediate apprehension of physical violence upon him at the hands of the Defendant officers.

71. Defendant officers committed battery when they struck the Plaintiff in a harmful and offensive manner.

72. Defendant officers were not privileged to use the amount of force that they used against the Plaintiff.

## EIGHTH CLAIM FOR RELIEF

## INADEQUATE TRAINING

(AS TO CITY OF NEW HAVEN, CHIEF OF POLICE DEAN ESSERMAN, AND SUPERVISORS OF VARIOUS UNNAMED NEW HAVEN POLICE OFFICERS)

73. Plaintiff realleges paragraphs 1-29.

74. At all times relevant hereto, Defendants City, Esserman, and Supervisors were engaged in their sworn and official duties and were acting under color of state law.

75. Defendants City, Chief of Police, and Supervisors failed to adequately train and instruct the Defendant officers regarding the Fourth and Fourteenth Amendment rights of persons with whom they come in contact with.

76. The Defendants City, Chief of Police, and Supervisors failure to adequately train, described in paragraph 75, amounts to a deliberate indifference to the rights of persons with whom the police come into contact with because lack of training will result in a high probability that the Defendant officers would violate the constitutional rights of persons with whom they interact.

77. The Defendants' deliberate indifference, described in paragraph 76, was the direct and proximate cause of the Defendant officers' violation of the Plaintiff's constitutional rights because officers that are adequately trained do not apprehend and restrain the wrong person for multiple hours.

78. The Defendants' deliberate indifference, described in paragraph 76, was the direct and proximate cause of the Defendant officers' violation of the Plaintiff's constitutional rights because officers that are adequately trained do not discriminate against persons based upon their race, color, or sexual orientation.

79. It was obviously necessary for Defendants City, Chief of Police, and Supervisors to adequately train the Defendant officers so that constitutional violations are avoided.

80. Plaintiff has been deprived of his Fourth and Fourteenth Amendment rights and has suffered physical, emotional and economic damages as a direct and proximate result of the Defendants City, Chief of Police, and Supervisors' deliberately indifferent training.

## NINTH CLAIM FOR RELIEF

## INADEQUATE HIRING

(AS TO CITY OF NEW HAVEN, CHIEF OF POLICE DEAN ESSERMAN, AND SUPERVISORS OF VARIOUS UNNAMED NEW HAVEN POLICE OFFICERS)

81. Plaintiff realleges paragraphs 1-29.

82. At all times relevant hereto, Defendants City, Esserman, and Supervisors were engaged in their sworn and official duties and were acting under color of state law.

83. Defendants City, Chief of Police, and Supervisors' decision to hire Defendants various unnamed officers was deliberately indifferent to the Fourth and Fourteenth Amendment rights of persons with whom they come in contact.

84. Defendants City, Chief of Police, and Supervisors knew or should have known that Defendants various unnamed officers' were highly likely to use excessive force, misidentify suspects, and discriminate against persons with whom they would eventually interact.

85. Plaintiff has been deprived of his Fourth and Fourteenth Amendment rights and has suffered physical, emotional and economic damages as a direct and proximate result of the Defendants City, Chief of Police, and Supervisors' deliberately indifferent hiring.

## TENTH CLAIM FOR RELIEF

## DELIBERATELY INDIFFERENT SUPERVISION

(AS TO CITY OF NEW HAVEN, CHIEF OF POLICE DEAN ESSERMAN, AND SUPERVISORS OF VARIOUS UNNAMED NEW HAVEN POLICE OFFICERS)

86. Plaintiff realleges paragraphs 1-29.

87. At all times relevant hereto, Defendants City, Chief of Police, and Supervisors were engaged in their sworn and official duties and were acting under color of state law.

88. Defendants City, Chief of Police, and Supervisors knew or should have known that there was a danger that the Defendant officers would use excessive force, misidentify suspects, and discriminate against persons with whom they would eventually interact.

89. Defendants City, Chief of Police, and Supervisors had the authority to take steps to prevent the unconstitutional conduct of the Defendant officers by meting out discipline and instituting adequate policies and procedures designed to prevent constitutional violations, as well as by properly supervising the Defendant officers.

90. The Defendants City, Chief of Police, and Supervisors' failure to adequately supervise the Defendant officers was deliberately indifferent to the Fourth and Fourteenth Amendment rights of persons with whom they would come in contact.

91. Plaintiff has been deprived of his Fourth and Fourteenth Amendment rights and has suffered physical, emotional and economic damages as a direct and proximate result of the Defendants City, Chief of Police, and Supervisors' deliberately indifferent supervision.

ELEVENTH CLAIM FOR RELIEF

DELIBERATELY INDIFFERENT FAILURE TO ADOPT POLICIES NECESSARY TO PREVENT CONSTITUTIONAL VIOLATIONS

(AS TO CITY OF NEW HAVEN, CHIEF OF POLICE DEAN ESSERMAN, AND SUPERVISORS OF VARIOUS UNNAMED NEW HAVEN POLICE OFFICERS)

92. Plaintiff realleges paragraphs 1-29 and paragraphs 86-89.

93. The Defendants City, Chief of Police, and Supervisors' failure to adopt policies necessary to prevent constitutional violations by the Defendant officers was deliberately indifferent to the Fourth and Fourteenth Amendment rights of persons with whom they would come in contact.

WHEREFORE, Plaintiff prays for judgment:

A.  A judgment against the Defendants for compensatory damages in an amount that this court deems just and fair;

B.  A judgment against Defendants various unnamed New Haven Police Officers and Supervisors of various unnamed New Haven Police Officers for punitive damages in an amount that this court deems just and fair;

C.  An award of costs, expenses, and attorneys fees fees pursuant to 28 U.S.C. § 1988;

D.  An award of prejudgment interest in an amount deemed at time of trial to be just and proper;

E.  Such other relief that this Court considers fair and equitable.

RESPECTFULLY SUBMITTED,

PLAINTIFF,
JOSEPH ADAMS


By:/s/ William J. Whewell_____
William J. Whewell, Esq
Fed. Bar. No.  ct29619
Rosenberg & Press, LLC
2051 Main Street
Stratford, Connecticut 06615
(t)  (203) 870-6700
(f)  (203) 870-6701
(e)  whewell.william@gmail.com
His Attorney

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was sent via electronic mail on the 14th day of November, 2014 to all parties of record able to receive electronic mail through this system and by regular mail on any parties unable to access electronic mail.

      RESPECTFULLY SUBMITTED,

      PLAINTIFF,
      JOSEPH ADAMS


By: /s/William J. Whewell
    William J. Whewell, Esq
    Fed. Bar. No. ct29619
    Rosenberg & Press, LLC
    2051 Main Street
    Stratford, Connecticut 06615
    (203) 870-6700
    (f) (203) 870-6701
    (e) whewell.william@gmail.com
    His Attorney